UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY GONZALEZ,

                         Plaintiff,                  15cv6035

            -against-                 OPINION & ORDER

CORRECTION OFFICER VARGAS, *et al.*,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Anthony Gonzalez brings this federal civil rights action against Defendants Correction Officers Vargas, Santiago, and Hallock, and Correction Captains Monroe and Moore ("Defendants").[1] Corporation Counsel sought to identify each of the partially named Defendants. However, Corporation Counsel was only able to identify Correction Captain Latonia Monroe with certainty. Monroe moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Monroe's motion is granted.[2]

BACKGROUND

        The allegations in the Complaint are presumed to be true for purposes of this motion. In brief, Gonzalez claims that he told correction officers that he should not be placed in a particular dorm because he previously had problems with an inmate who was housed there.

---

[1] By letter dated October 12, 2016, Gonzalez sought leave to add the City of New York, Anna M. Kross Center ("AMKC") Correctional Facility C-95, and Rikers Island Correctional Facility as defendants. But such an amendment would be futile. Agencies of the City, including the New York City Department of Corrections' facilities are non-suable entities. See Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011) ("[A]s a general matter, agencies of New York City are not suable entities in § 1983 actions."). And the claims against the City of New York fail for the same reasons set forth in this Opinion and Order.

[2] Because the arguments of Monroe apply equally to all individual defendants, the Complaint is dismissed in its entirety. See Youngers v. Virtus Inv. Partners Inc., 195 F. Supp. 3d 499, 521 (S.D.N.Y. 2016) ("Because the Court's analysis of the argument made by [one defendant] on this issue applies equally to all defendants . . . the Court's finding on such issue will apply to all parties.").

(Compl. at 9.)  He maintains that correction officers disregarded his request.  (Compl. at 9.)  Several weeks later, Gonzalez alleges that he was assaulted by unnamed inmates, but not the inmate with whom he previously had problems.  (Compl. at 8.)  Gonzalez also alleges that he lost certain personal property when Correction Officers failed to retrieve it from the dorm.  (Compl. at 8.)

After Gonzalez was attacked, Monroe placed him in a holding cell.  (Compl. at 8.)  Gonzalez felt light-headed and had a bloody nose.  (Compl. at 8.)  He asked Monroe to see a doctor.  (Compl. at 8.)  Approximately an hour later, Gonzalez was taken to the medical clinic for treatment and then transported to Elmhurst Hospital for a CT scan and x-rays.  (Compl. at 8.)  Elmhurst Hospital discharged Gonzalez the next day and returned him to AMKC, where he complained of neck and back pain and was advised to sign up for sick call.  (Compl. at 8.)  Medical staff gave him Tylenol and ibuprofen.  (Compl. at 8.)

Within a week of these events, Gonzalez filed the first of three grievances.  (Compl. at 4, 17–19.)  Gonzalez received no response to any of the grievances and never appealed.  (Compl. at 4.)  Gonzalez now seeks $50,000 for alleged injuries.  (Compl. at 5.)

## LEGAL STANDARD

To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Courts must accept a plaintiff's allegations as true and draw all reasonable inferences in his favor.  Gonzalez v. Hasty, 802 F.3d 212, 219 (2d Cir. 2015).  Where a plaintiff is proceeding pro se, courts construe "the complaint to raise the strongest claims that it suggests."  Williams v. Correction Officer Priatno, 829 F.3d 118, 122 (2d Cir. 2016) (citation omitted).  But

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## DISCUSSION

I.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") instructs that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Hill v. Curcione, 657 F.3d 116, 124 (2d Cir. 2011). "Failure to exhaust administrative remedies is an affirmative defense under the PLRA . . . [and] a district court . . . may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." Williams, 829 F.3d at 122.

The applicable procedure is "not defined by the PLRA, but by the prison grievance process itself.'" Johnson v. Killian, 680 F.3d 234, 238 (2d Cir. 2012) (quoting Jones v. Bock, 549 U.S. 199, 218 (2007). To comply with the PLRA, an inmate must use "all steps that the agency holds out, and do[] so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Here, the grievance policy that covers Gonzalez's claims is the DOC Inmate Grievance and Request Program ("IGRP"). This Court takes judicial notice of IGRP.[3] IGRP consists of a four-step process:

> First, an inmate submits an initial grievance to the IGRP staff, and the IGRP staff has five business days from receipt of the form to resolve the issue informally.

---

[3]  Available at https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376_Inmate_Grievance_Request_Program.pdf

> Second, if the inmate is not satisfied with the informal resolution that IGRP staff provides, the inmate may request a formal hearing in front of the Inmate Grievance Resolution Committee ("IGRC"). Third, the inmate may appeal the IGRC's disposition to the facility's Commanding Officer. Finally, the inmate may appeal the Commanding Officer's disposition to the Central Office Review Committee (the "CORC"). Before the CORC renders a decision, the New York City Board of Correction shall be afforded five business days in which to offer any opinion or advice it may wish to the CORC with regard to the proper resolution of the appeal of the grievance or request. The CORC's disposition shall constitute the Department's final decision on the inmate's request or grievance. In the event that the inmate does not receive a timely disposition at any stage of the IGRP process, the inmate may submit a request for an appeal (to proceed to the next step of the IGRP process). The inmate must take each of the four steps to exhaust the administrative grievance process.

Perez v. City of New York, No. 14-CV-07502 (LGS), 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (internal quotation marks and alterations omitted).

It is clear on the face of the Complaint that Gonzalez failed to exhaust the grievance procedure. He did not proceed beyond the first step for the claims related to his injuries and did not submit any grievance for his lost property claims. (See Compl. at 4.) The fact that Gonzalez filled out a grievance form, but did not receive a response is insufficient to save his claim: "'the law is well-settled' that an inmate's 'failure to take an available administrative appeal, even when the initial grievance receives no response, constitutes a failure to exhaust available administrative remedies.'" Mena v. City of New York, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016) (quoting Garvin v. Rivera, No. 13-CV-7054 (RJS), 2015 WL 3999180, at *3 (S.D.N.Y. June 29, 2015) (collecting cases)). And Gonzalez alleges no special circumstances that prevented him from complying with the grievance procedure. See Williams v. Dep't of Corr., No. 11-CV-1515 (SAS), 2011 WL 3962596, at *6 (S.D.N.Y. Sept. 7, 2011). Accordingly, the Complaint must be dismissed.[4]

---

[4]  Dismissal is without prejudice to the extent that administrative remedies are still available to Gonzalez. See Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004).

    II.        Substantive Claims

Even if Gonzalez had exhausted his administrative remedies, the Complaint fails to adequately allege a claim. The Complaint does not assert specific claims. Construed liberally, the facts alleged in the Complaint can be read to assert claims for deliberate indifference to a serious medical condition or deliberate indifference to Gonzalez's safety under the Eighth or Fourteenth Amendments,[5] and for a loss of property.[6]

    *a. Deliberate Indifference*

"The standard for deliberate indifference includes a subjective component and an objective component." Hill, 657 F.3d at 122. For the subjective component, "the official must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Hill, 657 F.3d at 122 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) (alterations in original). "The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hill, 657 F.3d at 122 (internal quotation marks omitted).

---

[5] Claims of pre-trial detainees are construed under the Due Process Clause of the Fourteenth Amendment while claims for sentenced inmates are construed under the Eighth Amendment. It is unclear from the Complaint whether Gonzalez was a pre-trial detainee or a sentenced inmate when the injuries occurred. Nevertheless, the standard is the same under both Amendments. See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

[6] To the extent Gonzalez's opposition letter raises a claim for conspiracy, it too, should be dismissed. To plead a § 1983 conspiracy claim, the Complaint "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002). "[C]onclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello, 292 F.3d at 325. Gonzalez's vague and conclusory statements that Defendants "tried to cover up the assault" fail to allege an agreement or a deprivation of a constitutional right.

i. *Deliberate Indifference to Serious Medical Needs*

As an initial matter, Gonzalez's injuries are not "sufficiently serious" to sustain a deliberate indifference claim. Courts consistently hold that such minor injuries fail to meet the objective threshold. See Dallio v. Hebert, 678 F.Supp.2d 35, 60 (N.D.N.Y. 2009) (two black eyes, bruising in kidney area, kick marks and open laceration on knees not serious medical condition); Toliver v. City of New York, No. 10-CV-5806 (SHS) (JCF), 2013 WL 6476791, at *5 (S.D.N.Y. Dec. 10, 2013), report and recommendation adopted, No. 10-CV-5806 (SHS), 2014 WL 549402 (S.D.N.Y. Feb. 11, 2014) (collecting cases).

Moreover, "in most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." Smith, 316 F.3d at 187. Here, Gonzalez was discharged from the hospital the next day, and treated with Tylenol and ibuprofen. "That [Gonzalez] feels something more should have been done to treat his injuries is not a sufficient basis for a deliberate indifference claim." Brown v. City of New York, No. 98-CV-5354 (ILG), 2001 WL 477279, at *8 (E.D.N.Y. Feb. 15, 2001). Ultimately, his injuries fail to satisfy the objective prong and his claim for deliberate indifference to his health is dismissed.

ii. *Deliberate Indifference to Safety*

"A deliberate indifference claim arising out of prison personnel's alleged 'fail[ure] to protect [an inmate] from assault by other inmates . . . contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.'" Colliton v. Gonzalez, No. 07 CIV. 02125 (RJH), 2011 WL 1118621, at *6 (S.D.N.Y. Mar. 23, 2011) (quoting Gibson v. DiRubbio, No. 99-CV-3202 (LAP), 2000 WL 1159553, at *1 (S.D.N.Y. Aug. 16, 2000)). But risk of "'[m]inor injuries' from random altercations do not establish the required condition."

Colliton, 2011 WL 1118621, at *6; see also Gibson, 2000 WL 1159553, at *1 (finding no substantial risk of serious harm when guards knew of plaintiff's prior altercation with specific prisoner which led to second fist-fight); Bolton v. Goord, 992 F.Supp. 604, 627 (S.D.N.Y.1998) (allegations of safety risks arising from "double-celling" and resulting in "'minor' altercation[s]" . . . [and] isolated, de minimis incidents cannot support an Eighth Amendment [deliberate indifference] claim."). Indeed, "[m]inor altercations among prisoners are an unfortunate fact of prison life, and not every altercation supports a deliberate indifference claim." Colliton, 2011 WL 1118621, at *6.

Here, the allegation that Gonzalez warned Vargas and Santiago of a potential altercation with a specific inmate is insufficient. Indeed, Gonzalez's warning that that inmate might attack him never came to fruition because that inmate was not one of his attackers. The attack that occured—weeks after Gonzalez's warning—did not result in injuries that were life threatening, degenerative or the cause of extreme pain. Moreover, far from alleging an indifference, when the attack occurred, Vargas and Santiago "got in between," broke the fight up, "got [Gonzalez] off the floor" and moved him to a safe, isolated locaton. (Compl. at 9.) Ultimately, the allegations fail to satisfy the objective prong.

Even assuming the risk to Gonzalez satisfied the objective prong, the Complaint fails to allege that Vargas or Santiago had the requisite state of mind in ignoring Gonzalez's warning. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," is not actionable under Eighth Amendment. Farmer, 511 U.S. at 838. For instance, in Gibson, the plaintiff told the defendant that he "did not get along with some other inmate." Gibson, 2000 WL 1159553, at *5. Dismissing the claim, the district court found that "[p]laintiff has alleged no facts providing a reasonable ground for

inferring deliberate indifference—as opposed to negligence—on the part of [the defendant]." Gibson, 2000 WL 1159553, at *5.

Similarly, here, the Complaint only alleges that Gonzalez told "several officers" that he had "problems" with a specific inmate at an earlier time. (Compl. at 9.) It does not allege who Gonzalez told about his "problems" with that inmate. (See Compl. at 9.) Nor does it allege exactly what harm he thought he would be exposed to. "Although [Gonzalez's] statements to [the defendants] arguably might have caused a more conscientious official to investigate the matter further, plaintiff's allegations, at most, impute negligence to [the defendants]." Gibson, 2000 WL 1159553, at *5. Accordingly, Gonzalez's claim for deliberate indifference to his personal safety is dismissed.

### iii. Property Claims

"Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized' act." Dove v. City of New York, No. 99-CV-3020 (DC), 2000 WL 342682, at *2 (S.D.N.Y. Mar. 30, 2000); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property not actionable under § 1983 if meaningful post-deprivation remedy available under state law); Parratt v. Taylor, 451 U.S. 527, 542–43 (1981) (negligent deprivation of property not actionable under § 1983 where post-deprivation remedy available), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). It is well recognized that New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion." Carter v. City of New York, No. 13-CV-1839 (RA), 2014 WL 4953641, at *5 (S.D.N.Y. Sept. 30, 2014) (internal quotation marks omitted). Accordingly,

Gonzalez cannot state a claim for a deprivation of property under § 1983.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted, and the Complaint is dismissed. The Clerk of Court is directed to terminate all pending motions, mark this case as closed, and mail a copy of this Order to Plaintiff pro se.

Dated: March 22, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.